UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN G. LABRECQUE,              )<br>                                                      )<br>           *Plaintiff*                      )<br>                                                      )<br>v.                                                 )<br>                                                      )<br>RAY MABUS, Secretary of the Navy,  )<br>                                                      )<br>           *Defendant*                    ) | No. 2:14-cv-357-JAW |

### *MEMORANDUM DECISION ON MOTION TO AMEND*

The plaintiff seeks leave to amend his complaint in this action alleging employment discrimination. Plaintiff's Motion to Amend the Complaint (ECF No. 9) ("Motion"). The proposed amended complaint adds a count alleging a hostile work environment and specific allegations of sexual harassment. The defendant does not object to the proposed amendments "insofar as [they] seek[] to clarify that the sole statutory basis for [the plaintiff's] retaliation claims is the Age Discrimination in Employment Act of 1967 ("ADEA")," Defendant's Partial Opposition to Plaintiff's Motion to Amend the Complaint ("Opposition") (ECF No. 10) at 1 n.1; however, Count III of the proposed amended complaint bases its retaliation claim on the Civil Rights Act of 1964 ("Title VII") as well as the ADEA, *see also* [Proposed] First Amended complaint (ECF No. 9-1) ¶ 87, and Count I also invokes both statutes, *id*. ¶¶ 69, 72, such that I conclude that the defendant has objected to all of the plaintiff's proposed amendments. For the reasons that follow, the plaintiff's motion to amend is granted in part and denied in part.

## I. Applicable Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The First Circuit has explained:

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . . As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation marks, and footnotes omitted).

The plaintiff filed the Motion on January 26, 2015, *see* Motion at 1, prior to the parties' February 17, 2015, deadline to amend pleadings and join parties, *see* Scheduling Order (ECF No. 6) at 2. Therefore, the liberal default rule applies.

## II. Discussion

The defendant contends that "the Court should reject Counts II and III of the proposed First Amended Complaint, alleging gender-based hostile work environment and retaliation,

respectively, under Title VII . . . because [the] Plaintiff has not exhausted his administrative remedies, a statutory prerequisite to filing suit under Title VII." Opposition at 1. In essence, he contends that these two proposed counts would be futile. *Id.* at 4-5. An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Adorno v. Crowley Towing & Trans. Co.,* 443 F.3d 122, 126 (1st Cir. 2006).

> The Supreme Court has stated:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).

### A. Count II

A federal employee must exhaust administrative remedies as a prerequisite to filing a complaint in court under Title VII. 42 U.S.C. § 2000e-16(c). The exhaustion requirement must

be strictly construed. *Vázquez-Rivera v. Figueroa*, 759 F.3d 44, 47-48 (1st Cir. 2014). Here, the defendant contends that the plaintiff failed to exhaust his administrative remedies as to any claim based on discrimination or harassment of a sexual nature, because he did not present such claims to the defendant. Opposition at 6. The plaintiff responds that he "put the [defendant's] EEO Office on [n]otice of his gender-based claims," and he "did participate in the EEO investigation[.]" Plaintiff's Reply in Support of His Motion to Amend the Complaint ("Reply") (ECF No. 14) at 1.

Mere participation in an administrative proceeding, by itself, does not constitute exhaustion of administrative remedies for purposes of Title VII. *See, e.g., Vinieratos v. United States*, 939 F.2d 762, 770 (9th Cir. 1991) (abandonment of administrative process may suffice to preclude judicial review). Nor does providing "notice" to the Equal Employment Opportunity Commission (EEOC) or other appropriate body. *See, e.g., Jorge v. Rumsfeld*, 404 F.3d 556, 560, 564-65 (1st Cir. 2005).

Specifically, the plaintiff asserts that the following information was sufficient to place his sexual harassment and hostile environment claims before the appropriate administrative authority:

1. The plaintiff's lawyer sent an email to the EEO counselor handling the plaintiff's complaint two days after it was filed, "confirm[ing]" that the subjects of the complaint were "discrimination based on retaliation for having been awarded a supervisor position through EEO process" and "discrimination based on retaliation arising from Mr. Labrecque having successfully defended himself from allegations" that he "created a hostile sexual work environment[.]" Reply at 2

2. Less than two weeks later, the plaintiff's lawyer sent another email "clarifying the scope of Mr. Labrecque's claims, and also detailing additional acts of discrimination, retaliation and harassment[.]" *Id*. at 3.

4

      3. A subsequent whistleblower claim submitted to the U.S. Office of Special Counsel by email. *Id*.

The plaintiff does not suggest that a claim submitted to the U.S. Office of Special Counsel by email is an accepted method of invoking the defendant's administrative complaint review process. Given that lack of supporting evidence or argument, I will not consider that instance further.

    Assuming *arguendo* that an employee may "clarify" repeatedly and indefinitely his Title VII complaint to his employer,[1] the plaintiff's attorney's first "clarification" nonetheless states only two claims for forbidden retaliation, not, however indulgently read, a claim for creation of a hostile work environment, as set forth in Count II of the proposed amended complaint. The second such "clarification," apparently in an email dated January 4, 2013, *id*. at 3 & ECF No. 9-1 ¶ 55, similarly does not state a claim for creation of a hostile work environment based on gender.

    A workplace has a hostile environment under Title VII

> only if the allegedly offensive conduct permeates the workplace with discriminatory or retaliatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

*Faison v. Vance-Cooks*, 896 F.Supp.2d 37, 63 (D.D.C. 2012) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993)) (internal punctuation omitted). Neither of the attorney's clarifications states such a claim. *See generally Keck*, 2011 WL 4589997, at *16-*17.

    Count II of the proposed amended complaint would accordingly be futile.

### B. Count III

    With respect to Count III of the proposed amended complaint, the defendant makes essentially the same argument, but acknowledges that "a claim of retaliation for filing an

---

[1] An EEOC charge must be in writing and verified under oath or affirmation on penalty of perjury. *Keck v. Virginia*, Civil Action No. 3:10cv555, 2011 WL 4589997, at *16 (E.D. Va. Sept. 9, 2011).

5

administrative charge of gender discrimination is one of the narrow exceptions to the normal rule of exhaustion of administrative remedies." Opposition at 17 (internal punctuation and citation omitted). The defendant goes on, however, to contend that this exception does not apply here, because there is no other Title VII claim in the action that has been exhausted, citing *Franceschi v. United States Department of Veterans Affairs*, 514 F.3d 81 (1st Cir. 2008). I agree.

Count III of the proposed amended complaint states a claim for retaliation

> for having filed the 2011 EEO Complaint (ADEA), and for retaliation for having reported a hostile work environment because of his sex (Title VII) to management, and for the continuing hostile work environment due to sexual harassment that he was subjected to.

[Proposed] Amended Complaint ¶ 87. The problem for the plaintiff here is that, as I concluded above, he has not exhausted a Title VII claim for creation of a hostile work environment based on gender, if indeed he filed such a claim at all.

> [W]here, as here, administrative remedies have not been exhausted with respect to any of the other Title VII claims in the civil action, there is nothing properly before the court to which the retaliation claim may be bootstrapped. . . . [T]he retaliation claim must be dismissed along with the others for failure to exhaust. Such an approach accords with that of several of our sister circuits.

*Franceschi*, 514 F.3d at 87 (citing cases).

Under these circumstances, the proposed Count III would be futile as well.

These conclusions make it unnecessary for me to consider the defendant's additional arguments that the plaintiff's formal complaint checked only the boxes marked "Age" and "Reprisal," and not the box marked "Sex," Opposition at 7; that the plaintiff did not inform the EEO Office in writing that it had misidentified his claims, *id*. at 8-9; and, that the plaintiff cannot establish exhaustion of administrative remedies because he declined to participate in the investigation of his claims, *id*. at 14-15.

### III.     Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file an amended complaint is **GRANTED** in part and **DENIED** in part.  The plaintiff shall file within five business days of the date of this decision an amended complaint consistent with the terms of this decision, omitting any claims for creation of a hostile work environment or retaliation under Title VII.

Dated this 21st day of July, 2015.

>                               /s/  John H. Rich III
>                               John H. Rich III
>                               United States Magistrate Judge