UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN G. LABRECQUE, | ) |
| | ) |
|     Plaintiff | ) |
| v. | )   No. 2:14-cv-357-JAW |
| | ) |
| RAY MABUS, Secretary of the Navy, | ) |
| | ) |
|     Defendant | ) |

*MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO STRIKE*

On February 11, 2016, the defendant filed a motion to strike two potential witnesses identified by the plaintiff in this employment action. Defendant's Motion to Strike Witnesses ("Motion") (ECF No. 37). Asserting that the motion addressed a discovery dispute and should therefore itself be stricken for being filed without court approval, the plaintiff's attorney requested a telephonic discovery conference on the matter, which was held on February 25, 2016. Report of Hearing and Order re: Motion to Strike (ECF No. 42). After hearing, I informed counsel that I did not consider the motion to be one dealing with a discovery dispute. *Id*. In response to my offer of two alternative methods of proceeding, the plaintiff's attorney chose to submit a written response instead of engaging in oral argument on the motion. *Id*. Briefing on the motion is now complete. For the reasons that follow, the motion is granted.

### I.    Factual Background

The plaintiff served his initial disclosure in this action on January 29, 2015. Declaration of Sheila W. Sawyer ("Sawyer Decl.") (ECF No. 38) ¶ 1. It did not identify either Michelle Worth or Kim Doucette as persons with possible knowledge relevant to his claims. On November 30, 2015, the plaintiff served his answers to the defendant's first set of interrogatories. *Id*. ¶ 3. In his

response to Interrogatory Number 19, the plaintiff identified Carl Crosby as the individual mentioned in paragraph 46(m) of the amended complaint who was asked by one of the plaintiff's supervisors to file a false report about the plaintiff with the plaintiff's supervisor and who gave the plaintiff a written statement about this event.  Motion at 3.

The defendant took Crosby's deposition on December 10, 2015, at which Crosby stated that he did not recall being asked to do this.  *Id*. at 4.  In addition, the plaintiff did not provide a copy of the written statement in response to the defendant's formal request for its production.  Sawyer Decl. ¶ 6.  At his deposition on December 18, 2015, the plaintiff testified that Michelle Worth, rather than Crosby, was the individual to whom the amended complaint refers.  Motion at 4.  On December 21, 2015, the plaintiff served a supplemental initial disclosure identifying Worth as a person with knowledge and attaching a copy of a written statement allegedly prepared by Worth on or about March 28, 2014.  Sawyer Decl. ¶ 8.

On February 3, 2016, the plaintiff served a second set of supplemental initial disclosures, for the first time identifying Kim Doucette as a potential witness.  *Id*. ¶ 12.  The original discovery deadline in this case was December 4, 2015, Report of Hearing and Order re: Status (ECF No. 21), subsequently extended to December 31, 2015, Report of Hearing and Order re: Scheduling (ECF No. 30).

The plaintiff ascribes his identification of Crosby rather than Worth to an "inadvertent misreading of the interrogatories."  Motion at 5.  With respect to Doucette, the plaintiff maintains that he "just learned of" Doucette's relevant knowledge one day before the second supplemental initial disclosure was served.  *Id*. at 7.

## II.   Discussion

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The baseline rule is that the 'required sanction in the ordinary case is mandatory preclusion.'" *Harriman v. Hancock County*, 627 F.3d 22, 29 (1st Cir. 2010). In the circumstance presented here, this court is directed by the First Circuit to consider

> the sanctioned party's justification for the late disclosure; the opponent-party's ability to overcome its adverse effects . . .; the history of the litigation; the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence.

*Id.* at 30. The party who failed to provide timely discovery bears the burden of proving substantial justification or harmlessness. *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001).

Here, the plaintiff has made a minimal effort to prove either. His two-page opposition to the motion to strike merely provides a recap of events that followed the filing of the motion and incorporates by reference "those reasons laid out in [a] February 26, 2016 email and those discussed during the telephone conference with the Court[.]" Plaintiff's Opposition to Defendant's Motion to Strike Witnesses (ECF No. 43) at 2. The email, which is actually dated February 25, 2016, cites no authority and provides no justification. It may possibly be construed to argue harmlessness, because it states that the plaintiff will not object to depositions of both individuals by the defendant and that the plaintiff's attorneys have not yet decided whether they will call either Worth or Doucette to testify at trial in the plaintiff's case in chief. Email from Abigail C. Varga to Sheila Sawyer dated February 25, 2016 (ECF No. 44-1). The former justification, offering to allow the deposition of late-designated witnesses, has been rejected by this court in the past. *165*

*Park Row, Inc. v. JHR Development, LLC,* No. 2:12-cv-106-NT, 2013 WL 633403, at *2 (D. Me. Feb. 20, 2013).

The plaintiff proffers no reason why he could not discover the possibility that Doucette has relevant knowledge concerning his claims during the extended discovery period established for this case, let alone before he filed this action. The same is true of Worth, with the additional fact that there is nothing in the interrogatory to which he made the erroneous response that could reasonably have led the plaintiff to "inadvertently misread" it, as he asserts.[1]

The late identification of Worth and Doucette clearly is not harmless; indeed, the identification of Doucette came after the defendant had filed a detailed preconference memorandum under this court's Local Rule 56(h) setting out the facts and legal theories upon which the defendant's anticipated motion for summary judgment will be based. ECF No. 36. The remedy proposed by the plaintiff, depositions of Worth and Doucette by the defendant, will further delay resolution of this case, having a negative effect on this court's docket. *See Primus v. United States*, 389 F.3d 231, 236 (1st Cir. 2004); *see also 165 Park Row*, 2013 WL 633403, at *2.

### III. Conclusion

For the foregoing reasons, the defendant's motion to strike, or, more accurately, to prohibit the use of, Michelle Worth and Kim Doucette as witnesses in motion practice or trial is **GRANTED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

---

[1] The interrogatory in question, Interrogatory 19, reads simply "Please identify the co-worker referenced in [amended complaint] ¶ 46(m)." ECF No. 38-2 at 7.

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 8th day of April, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge